UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GLEN A. HESS, | : | Case No. 3:13-cv-312 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Michael J. Newman |
| | : | |
| CITY OF HUBER HEIGHTS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**(1) REPORT AND RECOMMENDATION[1] GRANTING DEFENDANTS' MOTIONS TO DISMISS (Docs. 6, 9, 10); AND (2) ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT (Doc. 14) AS FUTILE**

---

This case is before the Court on three separate motions to dismiss filed by Defendants Mathias Heck, the Montgomery County Prosecuting Attorney; the City of Huber Heights, Ohio[2] ("City"); City Mayor Ron Fisher; City Council members Lu Dale, Karen Kaleps, Tyler Starline, Judy Blankenship, Tracy Dudley, Ed Lyons, Mark Campbell and Jan Vargo; City Code Enforcement Administrator Jason Foster; City Law Director Alan Schaeffer; City Police Chief Robert Schommer; City police officers Benjamin Wunderlich, Anthony Ashley, Jacob Neal, Tammy Shoemaker; and City Prosecutor Robert Coughlin.  Docs. 6, 9, 10.  Hess filed memoranda in opposition to the motions to dismiss.  Docs. 12, 20.  Defendant Coughlin filed a reply memorandum in support of his motion to dismiss.  Doc. 24.  The Court has carefully considered each of these documents, and the three motions to dismiss are now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Court takes judicial notice that the City lies within Montgomery County, Ohio.

In addition, Hess moves for leave to file an amended complaint (doc. 14) and has attached a proposed amended complaint (doc. 14-1) to his motion.  Defendants filed memoranda in opposition to Hess's request for leave arguing that amendment is futile because the proposed amended complaint adds only conclusory allegations without additional factual averments. Docs. 15, 16.  Hess's motion for leave is also ripe.

## I. INTRODUCTION

The factual underpinnings of Hess's *pro se* complaint are more fully set forth below in addressing whether his various claims, spread among eight causes of action, state a claim upon which relief may be granted.  Construing his claims liberally and in the light most favorable to him, *see infra*, Hess complains of what can be described as a series of "run-ins" with City officials, as well as County Prosecutor Heck, spanning a period of approximately twenty-two years.[3]  Doc. 2.  The most recent of these incidents concerns an alleged probation violation occurring in September 2011, as well as two littering citations issued in June 2012.  *Id*. at PageID 34-36, 43-45.  Hess alleges that Defendants violated his constitutional rights in conjunction with pursuing these charges, as well as engaging in other various conduct, and seeks relief for such violations under 42 U.S.C. §§ 1983 and 1985.  *Id*.  Hess also asserts violations of the Ohio Constitution and state tort claims against Defendants.  *Id*.

As correctly noted by Defendants (docs. 15, 16), Hess's proposed amended complaint (doc. 14-1) adds no new substantive factual averments to the allegations of the original

---

[3]  In fact, Defendants represent that "Hess has spent much of the past decade filing law suits against the City . . . and its elected officials and employees."  Doc. 9 at PageID 122.  Defendants argue that "litigation commenced by Glen Hess in 2003, 2004, 2006 and 2008 . . . [cover] the same issues Mr. Hess attempts to raise herein."  *Id*.  Further, Defendants represent that, in 2007, "the City filed a complaint against Glen Hess to declare him a vexatious litigator under [Ohio Rev. Code] § 2323.52[.]"  *Id*.

complaint.  Instead, the proposed amended complaint adds additional conclusory legal assertions without any additional supporting facts.

## II.  STANDARD OF REVIEW

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Twombly*, 550 U.S. at 555).  In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]"  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer

3

possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678).

## III.  ANALYSIS

### A.      First Cause of Action

In his first cause of action, Hess alleges that he contracted to purchase a used Bobcat[4] and trailer from Jason Packett in August 2011. Doc. 2 at PageID 34. Believing that Packett may not have been the true owner of the equipment, Hess contacted Huber Heights police to request a background check on the equipment to ensure he was purchasing it with a clean title. *Id.* at PageID 34-35. Hess alleges that an unidentified Huber Heights police officer approved the contract and apparently ensured him that the Bobcat was not stolen. *Id*. at PageID 35. Based upon the unidentified police officer's approval of the contract and apparent confirmation that the equipment was not stolen, Hess proceeded to purchase the equipment. Days later, an unidentified Huber Heights police officer confronted Hess at his home and asked him why he

---

[4] "Bobcat Company is a leading provider of compact equipment for global construction, rental, landscaping, agriculture, grounds maintenance, government, utility, industrial and mining markets." Overview -- Bobcat Company, http://www.bobcat.com/our_company/about_bobcat (last visited Jul. 7, 2014).

was storing a stolen Bobcat on his property. *Id.* On September 22, 2011, Montgomery County, Ohio prosecutors charged Hess with a probation violation for receiving stolen property. *Id.* at PageID 36. Liberally construed, these allegations assert a claim of malicious prosecution.[5]

In moving to dismiss the first cause of action, Defendants assert that, even if the events occurred as Hess alleges, the claim is barred by the applicable statute of limitations[6] and Hess's allegations fail to meet basic pleading standards. With regard to the sufficiency of the pleadings, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677; *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). Thus, "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery" against individual actors for alleged constitutional violations. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)); *see*

---

[5] Courts recognize the existence of a malicious prosecution claim arising only from a violation of the Fourth Amendment. *Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003); *Johnson v. Ward*, 43 F. App'x 779, 782 (6th Cir. 2002) (holding that "[t]he right to be free from malicious prosecution 'must be asserted according to the Fourth Amendment'"); *Trapp v. Kimpel*, No. 3:13-cv-18, 2013 WL 4510570, at *5 (S.D. Ohio Aug. 23, 2013).

[6] The applicable statute of limitations for § 1983 claims is the state statute governing actions for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). The statute of limitations for general personal injury actions in Ohio is two years. Ohio Rev. Code Ann. § 2305.10. Therefore, § 1983 claims must be brought within two years after the claim accrues. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). "[F]avorable termination of the prior (*i.e.*, underlying) criminal proceeding marks the point at which a section 1983 claim for malicious prosecution accrues." *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) (citation omitted). The criminal charge upon which Hess bases his malicious prosecution claim was brought on September 22, 2011, whereas the complaint in this case was filed on September 19, 2013, *i.e.*, within the two-year applicable limitations period. Thus, Hess's first cause of action is not time-barred.

*also Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal where the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights").

A plaintiff must "allege that a specific defendant performed a specific act that suffices to state a [federal civil rights] claim." *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008, at *4 (6th Cir. Jun. 3, 1998). A complaint fails to state a claim for relief in the absence of allegations "'that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights." *Marcilis*, 693 F.3d at 605 (alterations in original). Simply "'lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct'" fails "'to satisfy [the] minimum standard' that 'a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests[.]'" *Id.* (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)).

Here, Hess's first cause of action alleges a single specific action against one specifically identified Defendant, *i.e.*, Shoemaker. In total, Hess alleges that Shoemaker questioned him about the circumstances surrounding the purchase of the Bobcat.[7] Doc. 2 at PageID 36. Hess then sets forth the conclusory accusation that Shoemaker "is guilty of giving false statement[s] on affidavits, filing false charges against [him], Conspiracy Criminal and Civil," without a single factual averment supporting these accusations. *Id.*

In his proposed amended complaint, instead of singling out Shoemaker, Hess also accuses Heck, Fisher, Dale, Starline, Blankenship, Dudley, Lyons, Campbell, Vargo, and the

---

[7] Certainly, Shoemaker's mere act of questioning Plaintiff does not amount to a constitutional violation because "[t]he law is clear . . . that 'there is no constitutional right to be free of investigation[.]'" *Sloan v. Dept. of Hous. & Urban Affairs*, 231 F.3d 10, 18 (D.C. Cir. 2000) (citation omitted); *see also United States v. Allibhai*, 939 F.2d 244, 249 (5th Cir. 1991) (rejecting "the suggestion . . . that the government should have reasonable suspicion that an individual is involved in some illegality before targeting him in a sting operation").

City itself of "giving false statement[s] on affidavits, filing false charges against [him], Conspiracy Criminal and Civil[.]"  Doc. 14-1 at PageID 307.  All of these allegations, whether in the original complaint or the proposed amended complaint, are insufficient to meet the standard set forth in Fed. R. Civ. P. 8(a)(2) by "failing to 'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.'"  *Marcilis*, 693 F.3d at 596-97 (citation omitted).  "Where a complaint fails to comply with Rule 8, 'the [D]istrict [C]ourt has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial.'"  *Trapp*, 2013 WL 4510570 at *5 (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Accordingly, and in the absence of Hess's failure to sufficiently complain of specific conduct on the part of any identified Defendant that allegedly violated Hess's constitutional rights, the Court recommends that Hess's first cause of action be dismissed.  Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment fails to cure the pleading deficiencies and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

### B.      Second Cause of Action

In his second cause of action, Hess alleges that, "[p]rior to September 1, 2011, the City developed and maintained policies or customs which caused the deprivation of [any] Constitutional rights[,]" including a pattern and practice of misconduct such as "the use of excessive force, illegal arrests and imprisonments, perjury, giving false statements, false testimony, falsification and other" constitutional violations.  Doc. 2 at PageID 37.  In addition, throughout the complaint, including his fourth cause of action, Hess seeks to hold the City liable

7

for its alleged failure to supervise City employees. *Id.* at PageID 46-47. Hess's allegations in this regard present municipal liability claims under § 1983, which require him to "demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).[8]

As recently stated by the Sixth Circuit, with regard to municipal liability claims asserted pursuant to § 1983, "to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright v. Gallia Cnty., Ohio*, --- F.3d ---, Nos. 13–3451, 13–3907, 2014 WL 2457629, at *16 (6th Cir. Jun. 3, 2014). With regard to the "policy or custom" element, the Sixth Circuit has held:

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess*, 735 F.3d at 478.

In support of his municipal liability claim asserted in the second cause of action, Hess alleges a series of events occurring between 1991 and 2008. Because these allegations are based upon purported policies or customs maintained before September 1, 2011, and because the

---

[8] Insofar as these allegations appear to be asserted against Fischer, Dale, Starline, Blankenship, Dudley, Lyons, Campbell and Vargo, the allegations appear to allege liability against these Defendants in their official capacity as members of the City Council. Doc. 2 at PageID 46-47. "An official-capacity claim is equivalent to a claim against the entity that employs the defendants named in their official capacity." *Ledbetter v. Bean*, No. 2:13-cv-00012, 2013 WL 1284324, *3 (M.D. Tenn. Mar. 28, 2013) (citing *Monell*, 436 U.S. at 690 n.55).

complaint in this case was filed on September 19, 2013, such claims, on their face, are time barred by the applicable two-year statute of limitations. *Browning*, 869 F.2d at 992. Hess's proposed amendment concerning these municipal liability claims also alleges policies or customs maintained "[p]rior to September 1, 2011," and therefore, the proposed amendment does not save Hess's municipal liability claims from dismissal. *Id*. Accordingly, the Court recommends that the municipal liability claims asserted in the second cause of action be dismissed for failure to state a claim. Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment fails to cure this legal deficiency and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

With regard to Hess's failure to train and supervise claims, he must show: "'(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury.'" *Marcilis*, 693 F.3d at 605. To show "deliberate indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the [entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (citation omitted).

In response to the motions to dismiss, Hess sets forth no argument concerning this purported claim. Accordingly, it appears Hess has abandoned such a claim and waived any arguments concerning dismissal. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (stating that "where, as here, plaintiff has not raised arguments in the [D]istrict [C]ourt by virtue of his failure to oppose defendants' motions to dismiss, the arguments

have been waived") (citing *Resnick v. Patton*, 258 F. App'x 789, 793 n.1 (6th Cir. 2007) (concluding that arguments are waived in the absence of opposition to a motion to dismiss in the district court) (further citations omitted)).

Even in the absence of abandonment and waiver, Hess's *pro se* complaint and the proposed amended complaint fail to sufficiently state failure to train or failure to supervise claims. *See Scrap Yard, LLC v. City of Cleveland*, 513 F. App'x 500, 505-06 (6th Cir. 2013) (affirming dismissal where the complaint failed to "specify in what way training was lacking, or how the failure to train may have resulted in damage to plaintiffs"). Accordingly, the Court finds that Hess's complaint fails to allege sufficient factual matter to state a plausible claim for failure to train or failure to supervise and, therefore, such claims must be dismissed. Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment fails to cure the pleading deficiencies and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

In addition to municipal liability claims, Hess's second cause of action also includes a malicious prosecution claim arising from a citation issued to him on or about June 27, 2012 for "hosing down the curb[.]" Doc. 14-1 at PageID 314.[9] Hess alleges that he was subsequently

---

[9] In addition, Plaintiff alleges that on May 21, 2012 he was cited for "throwing [grass] out on the street[,]" for which he pled guilty and paid a fine. Doc. 2 at PageID 43. Such an admission precludes his malicious prosecution claim, with respect to this set of facts, because it negates an essential element of such a claim, *i.e.*, disposition in his favor. *See Shelton v. City of Taylor*, 92 F. App'x 178, 183 (6th Cir. 2004) (holding that a malicious prosecution claim stemming from a charge for which the plaintiff "pled no-contest and paid a fine of $100 . . . must fail as a matter of law because under the common law a plaintiff may not assert malicious prosecution unless the court proceeding has ended in his favor").

Hess also alleges a constitutional violation arising from Defendants' purported refusal to cite its own employees for throwing the grass onto the street. However, failure to issue a citation for a violation of law is not a violation of Plaintiff's constitutional rights. *See DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 196 (1989) (stating the general rule that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual").

found not guilty of the violation and asserts that the conduct of Defendants Neal, Ashley, Schommer and Coughlin resulted in violations of his constitutional rights.

With regard to Defendant Coughlin, the City prosecutor, Hess alleges -- in a conclusory manner -- that Coughlin, together with other Defendants, conspired to have Hess convicted of false charges, committed perjury, and engaged in a number of unspecified violations.  Doc. 2 at PageID 44-45.  Prosecutors, acting as advocates for the state, are absolutely immune from liability in personal capacity § 1983 suits for conduct that is "intimately associated with the judicial phase of the criminal process."  *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  Absolute immunity does not apply to all acts undertaken by a prosecutor, however; such immunity operates when a prosecutor acts as "an officer of the court" or "advocate" as distinguished from engaging in "investigative or administrative tasks."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009).

Hess's malicious prosecution claim arises from Coughlin's preparation of charges against him.  Even when liberally construed, Hess's *pro se* allegation -- that Coughlin discussed the case with officers before charges were formally filed -- alleges only "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings," and is entitled to absolute immunity as acts related to the "advocate's preparation for the initiation of a prosecution." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Accordingly, the Court recommends that this claim against Defendant Coughlin be dismissed.  Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment fails to cure the legal deficiency and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss."  *Rose*, 203 F.3d at 420 (citation omitted).

The complaint also alleges this particular malicious prosecution claim against Defendants Neal, Ashley, and Schommer.  Doc. 2 at PageID 45.  Hess alleges that the citation issued contained knowingly false statements, and that these Defendants "testified to a totally different set of facts at trial."  *Id*.  In addition, Hess alleges that these Defendants sought to support the charge with a photograph of a previous incident upon which he had already been convicted.

To prevail on a malicious prosecution claim under the Fourth Amendment, Hess must demonstrate four elements.  First, "that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute.'"  *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (alterations in original) (citations omitted).  Second, "the plaintiff must show that there was a lack of probable cause for the criminal prosecution[.]"  *Id*. (citation omitted).  Third, Hess must show "a 'deprivation of liberty'  . . . apart from the initial seizure."  *Id*. at 308-09.  Finally, Hess must show that "the criminal proceeding . . . resolved in [his] favor."  *Id*. at 309.

Here, Hess alleges no deprivation of liberty.  Doc. 2 at PageID 43-45.  There is no allegation that Hess was ever arrested or held without bail, or that there were any restrictions imposed against him as a result of the citation.  *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) (finding no malicious prosecution claim where defendants "were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services" because "[t]heir liberty was restricted only during the Municipal Court trials"); *see also Billock v. Kuivila*, No. 4:11-cv-02394, 2013 WL 591988, at * 6 (N.D. Ohio Feb. 14, 2013) (citations omitted) (stating that "[s]ervice with a summons to appear at trial or some other court proceeding does not rise to the level of a constitutional deprivation").

Assuming, *arguendo*, that Hess alleged a deprivation of liberty in his complaint, such a liberty interest was not clearly established at the time of the underlying prosecution.  "Qualified immunity shields individual government officials from liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Hensley v. Gassman*, 693 F.3d 681, 687 (6th Cir. 2012) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  A law is clearly established where it is "clear in regard to the official's particular actions in the particular situation."  *Id*. (citation omitted).  "'The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing' violates federal law."  *Id*. (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  In that regard, "'pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.'"  *Saylor v. Bd. of Educ. of Harlan Cnty., Ky.*, 118 F.3d 507, 515-16 (6th Cir. 1997) (citation omitted).

As recently stated by the Sixth Circuit, "[t]raditionally, [malicious prosecution] claims entail defendants who are detained prior to trial."  *Fisher v. Dodson*, 451 F. App'x 500, 502 (6th Cir. 2011).  As explained by the Sixth Circuit in *Fisher*:

> Although Justice Ginsburg suggested in her *Albright* concurrence that prosecution, even without detention, can form a seizure under the Fourth Amendment because the defendant is bound to appear in court and remain in the jurisdiction during the pendency of the case, *we have not yet addressed this "continuing seizure" doctrine.*

*Id*. (emphasis added) (internal citations omitted) (citing *Albright v. Oliver*, 510 U.S. 266, 279 (1994) (Ginsburg, J., concurring); *Johnson v. City of Cincinnati*, 310 F.3d 484 (6th Cir. 2002)).

Here, because Hess fails to allege that Defendants Neal, Ashley and/or Schommer infringed upon a clearly established liberty interest, Defendants are entitled to qualified

13

immunity.  Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment fails to cure the pleading deficiencies and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

Also included within Plaintiff's second cause of action is an allegation that could, perhaps, be construed to assert a violation of Hess's First Amendment rights.  In that allegation, Hess states that, at some unknown time, an unknown City zoning official removed a sign from his yard that opposed a proposed increase in City income taxes.  Doc. 2 at PageID 42.  It appears that Hess's true grievance concerning this circumstance stems from the City's failure to cite the zoning official for theft and, further, in issuing Hess a citation for "picking up damaged and broken signs which were not his property."  *Id.*  Hess's proposed amended complaint adds nothing further about this circumstance and simply reasserts the same allegation.  Doc. 14-1 at PageID 312.  Hess, in responding to the motions to dismiss (doc. 20), fails to address this circumstance and, therefore, waives any claim purportedly arising therefrom.  *See Humphrey*, 279 F. App'x at 331.  Even in the absence of waiver, the allegation fails to set forth sufficient factual matter to state a plausible claim.

Accordingly, the Court recommends that any First Amendment claim that could arguably be construed from the facts alleged in paragraph fifty-seven of the complaint be dismissed. Hess's motion for leave to file his proposed amended complaint with regard to this allegation is denied as futile.

### C.    Third Cause of Action

Hess's third cause of action alleges that Defendants' unspecified acts and omissions resulted in a violation of his constitutional rights.  Doc. 2 at PageID 45-46.  Aside from this

conclusory allegation (*id*.), the complaint sets forth no details concerning any action taken by any Defendant. Accordingly, Hess's third cause of action must be dismissed for failing to give fair notice of the constitutional claims against each Defendant or the grounds upon which such constitutional claims are based. *See Scrap Yard*, 513 F. App'x at 504 (affirming dismissal of § 1983 claims where the complaint contained "no details of what either [defendant] did beyond general allegations"). Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment fails to cure the pleading deficiencies and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

### D.      Fourth Cause of Action

Aside from the allegations of municipal liability addressed above, Hess's fourth cause of action could liberally be construed to also assert a First Amendment retaliation claim based upon Defendant Fisher's conduct allegedly occurring at one or more City Council meetings in March 2012. Doc. 2 at PageID 46. In total, Hess alleges that after speaking during one such meeting, Fisher told him to "get a good attorney then sue the City." *Id*.

To succeed on a First Amendment retaliation claim, Hess must show that: "(1) [he] engaged in constitutionally protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by [his] protected conduct." *Perkins v. Twp. of Clayton*, 411 F. App'x 810, 814 (6th Cir. 2011) (citations omitted).

Regardless of whether Hess adequately alleges an actionable First Amendment retaliation claim, Fisher is entitled to qualified immunity. As noted by the Sixth Circuit, "[t]here are very few cases in this Circuit addressing First Amendment retaliation against private individuals."

15

*Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 724 (6th Cir. 2010). "In the Sixth Circuit, the First Amendment retaliation claims that alleged injury based on embarrassment, humiliation, and emotional distress involved public disclosure by public officials of extremely intimate and personal details of a rape, and false public accusations of stalking by a judge about a lawyer who appeared in her courtroom." *Wurzelbacher v. Jones-Kelley*, 728 F.Supp.2d 928, 935 (S.D. Ohio 2010) (citing *Bloch v. Ribar*, 156 F.3d 673, 679-80 (6th Cir. 1998); *Barrett v. Harrington*, 130 F.3d 246, 246 (6th Cir. 1997); *Mattox v. City of Forest Park*, 183 F.3d 515, 521-23 (6th Cir. 1999)).

Based upon the aforementioned limited allegations presented here -- *i.e.*, that Fisher told Hess to get a good attorney and sue the City in response to Hess speaking at a City Council meeting -- the Court cannot conclude, based upon any existing case law, that Fisher's alleged conduct was sufficient to deter an ordinary citizen from speaking at a City Council meeting. Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment fails to cure the aforementioned deficiency and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

### E.    Fifth Cause of Action

In his fifth cause of action, Hess alleges that Heck failed to properly supervise attorneys within his office. Doc. 2 at PageID 47. A supervisory prosecutor is entitled to absolute immunity for claims arising from the conduct of assistant prosecutors in a particular case. *Van de Kamp*, 555 U.S. at 344-45; *Hatchett v. City of Detroit*, 495 F. App'x 567, 572 (6th Cir. 2012) (stating that "[s]upervisory attorneys are immune from a suit directly attacking their actions related to an individual trial").

16

Recognizing that Hess's claims against Heck are premised on the conduct of assistant prosecutors under Heck's supervision (doc. 2 at PageID 47), Defendant Heck is entitled to absolute prosecutorial immunity and, thus, the claim against Defendant Heck must be dismissed. Hess's proposed amended complaint contains essentially the same allegations and presents no circumstances under which Defendant Heck is not protected by absolute prosecutorial immunity. Therefore, Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

## F. Sixth and Seventh Causes of Action

In his sixth cause of action, Hess alleges that construction of a City office complex has resulted in a plugged drain pipe that has prevented drainage from certain property located at 6141 Taylorsville Road in Huber Heights. Doc. 2 at PageID 47-48. Hess alleges that such conduct has resulted in an illegal taking. *Id.* Similarly, Hess's seventh cause of action asserts a taking resulting from the City's construction of a sidewalk on or near the 6141 Taylorsville Road property. *Id.* at PageID 49-50. Notably, the amended complaint simply refers to 6141 Taylorsville Road as his address and Hess fails to allege any cognizable interest he possesses in that property.

"A federal court may . . . hear a takings claim only after two criteria are met: (1) the plaintiff must demonstrate that he or she received a 'final decision' from the relevant government; and (2) the plaintiff must have sought 'compensation through the procedures the State has provided for doing so.'" *Hensley v. City of Columbus*, 557 F.3d 693, 696 (6th Cir. 2009) (quoting *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985)). An Ohio plaintiff must initiate a mandamus action in state court before a takings claim

17

is ripe for adjudication in Federal Court. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *Vill. of Maineville v. Hamilton Twp.*, 902 F. Supp. 2d 1072, 1080 (S.D. Ohio 2012). "'Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, [F]ederal [C]ourts lack subject matter jurisdiction and the complaint must be dismissed.'" *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002) (citations omitted).

Such is the case here. Hess fails to allege -- in both his initial and proposed amended complaints -- that he ever initiated any state procedure to receive just compensation for the alleged taking. Accordingly, Hess's complaint fails to allege that a takings claim is ripe for adjudication in this forum such that this Court can exercise subject matter jurisdiction. Accordingly, such a claim must be dismissed.

Further, "[i]t is well established that 'only persons with a valid property interest at the time of the taking are entitled to compensation.'" *CRV Enters., Inc. v. United States*, 626 F.3d 1241, 1249 (Fed. Cir. 2010) (citations omitted); *see also Wilkins v. Daniels*, 913 F.Supp.2d 517, 541 (S.D. Ohio 2012) (stating that, "in evaluating a takings claim," the court must first "examine whether the claimant has established a cognizable 'property interest'"). Here, public records[10] attached to Defendants' motion to dismiss demonstrate that Hess is not the owner of the property at issue, a point Hess concedes in his response. Doc. 10-11 at PageID 272, Doc. 10-12 at PageID 273, Doc. 20 at PageID 355. Absent any allegation concerning Hess's standing to seek compensation for an alleged taking of property at 6141 Taylorsville Road, such claims must be dismissed.

Hess's proposed amended complaint contains essentially the same allegations and presents no facts concerning exhaustion of state remedies or any legally cognizable interest Hess

---

[10] As noted above, in addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record[.]" *Amini*, 259 F.3d at 502 (6th Cir. 2001) (citation omitted).

has in the property. Therefore, Hess's motion for leave to file his proposed amended complaint with regard to these claims is denied as futile because the proposed amendment fails to cure the aforementioned legal and pleading deficiencies, and therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

### G.     Eighth Cause of Action

In his eighth cause of action, Hess alleges -- without pleading any supporting facts -- that Schaeffer, the City Law Director, violated Hess's constitutional rights by failing to act in the best interests of the City, giving false statements on affidavits, filing false charges against Hess, and allowing the offenses alleged in the complaint to occur. Absent any particular factual allegation even minimally detailing any action taken by Schaeffer, the eighth cause of action must be dismissed for failing to give fair notice of the constitutional claims against Schaeffer and/or the grounds upon which such constitutional claims are based. *See Scrap Yard*, 513 F. App'x at 504. Hess's motion for leave to file his proposed amended complaint with regard to this claim is denied as futile because the proposed amendment fails to cure the aforementioned pleading deficiency and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

### H.     §§ 1983 and 1985 Conspiracy

Hess also generally uses the term "conspiracy" throughout the complaint and his proposed amended complaint. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). To prevail on a § 1983 civil conspiracy claim, Hess must show: (1) a "single plan" existed; (2) Defendants "shared in the general conspiratorial objective" to deprive Hess of his constitutional (or federal statutory) rights; and (3) "an overt act was committed in furtherance of

19

the conspiracy that caused [him] injury." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (citation omitted).

Hess also generally alleges violations of § 1985.  Any claim purportedly asserted under § 1985(1) must be dismissed because the complaint makes no allegations regarding any conspiracy to prevent an officer from performing his or her duties.  *See Moniz v. Cox*, 512 F. App'x 495, 500 n.2 (6th Cir. 2013).  Similarly, Hess fails to sufficiently state a claim under the first clause of § 1985(2) because the only allegation of witness intimidation is a conclusory allegation that officer Gebhart -- a City employee not a party to this case -- intimidated witnesses in relation to a criminal case filed in or before 2005, and such allegation sets forth no agreement with any other individual.  Doc. 2 at PageID 41.

The second clause of § 1985(2) "prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights."  *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).  A § 1985(3) claim requires Hess to plead four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of C & J v. Scott*, 463 U.S. 825, 828-29 (1983)).  To maintain either claim, "a claimant must prove both membership in a protected class and discrimination on account of it."  *Smithers ex rel. Norris v. City of Flint*,

602 F.3d 758, 766 (6th Cir. 2010) (citation omitted). "A class protected by section 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994) (citation omitted).

Hess's complaint is devoid of any specificity in this regard and contains only "vague and conclusory allegations unsupported by material facts." *Spadafore*, 330 F.3d at 854. Accordingly, the Court concludes that Hess's initial and amended complaints both fail to state a claim upon which relief can be granted, whether pled under § 1983 or § 1985. In addition, because the initial and proposed amended complaints contain no allegations that Hess is a member of a recognized protected class,[11] or that any conduct here complained of was motivated by his status, claims asserted under § 1985(2) and (3) must be dismissed. Hess's motion for leave to file his proposed amended complaint with regard to these claims is denied as futile because the proposed amendment fails to cure the pleading deficiencies and, therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

## I.     State Law Claims

Finally, in addition to his claims sought to be pled under §§ 1983 and 1985, Hess seeks relief under Ohio law for unspecified torts and alleged violations of the Ohio Constitution. Doc. 2. Given the Court's recommendation above -- that Hess's federal claims merit dismissal -- the Court can decline to hear the state law claims and dismiss them without prejudice. *See* 28 U.S.C.

---

[11] Hess claims he is a member of a protected class because he suffers from an unspecified mental health condition. Doc. 20 at PageID 356. Such characteristic -- while perhaps a disability -- does not place Hess in a protected class for purposes of a § 1985 claim. *See Haverstick*, 32 F.3d at 994; *see also Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (finding that plaintiff states "no actionable claim under § 1985(3) because it does not cover claims based on disability-based discrimination or animus").

§ 1367(c).  Given that these state claims each merit dismissal as well, the Court has elected, in the interest of justice, to reach the merits of these claims.

Defendants argue that they are entitled to immunity under Ohio Rev. Code Chapter 2744 on Hess's state causes of action against the City and the individual Defendants in their official capacities.  Hess sets forth no opposition to Defendants' assertion of immunity from state law claims, and accordingly, any such opposition is deemed waived.  *See Humphrey*, 279 F. App'x at 331 (citations omitted).  Nevertheless, dismissal is also warranted on the merits.  Pursuant to Ohio Rev. Code § 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."  This general grant of immunity to political subdivisions is subject to limited exceptions, none of which Hess seeks to invoke in this case, and none of which the Court finds applicable.  *See* Ohio Rev. Code § 2744.02(B).  Accordingly, the Court recommends that Hess's state law claims be dismissed against the City and all Defendants in their official capacities.

The individual Defendants also move to dismiss all state law claims asserted against them in their individual capacities.  Again, Hess presents no opposition to Defendants' contention that they are immune from such claims pursuant to Ohio Rev. Code Chapter 2744, and accordingly, the Court deems any such opposition waived.  *See Humphrey*, 279 F. App'x at 331 (citations omitted).  Dismissal is also warranted on the merits.  Ohio Rev. Code § 2744.03 states that "an employee [of a political subdivision] is immune from liability unless his actions were 'manifestly outside the scope of [his] employment,' or 'were with malicious purpose, in bad faith, or in a wanton or reckless manner.'"  *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315-16 (6th

22

Cir. 2005).  Hess's original and proposed amended complaints assert mere conclusory allegations of malice, and in light of his failure to oppose Defendants' immunity arguments, the Court recommends dismissal of Hess's state law claims.

Insofar as Hess purports to assert claims based upon violations of the Ohio Constitution, such claims must likewise be dismissed because "[t]here is no Ohio statute that is analogous to § 1983 that creates an independent cause of action to remedy violations of the Ohio Constitution." *Harris v. Butler Cnty., Ohio*, No. 1:07CV069, 2008 WL 4186316, at *8 (S.D. Ohio Sept. 3, 2008).

Finally, Hess's motion for leave to file his proposed amended complaint with regard to these state law claims is denied as futile because the proposed amendment fails to cure the aforementioned legal and pleading deficiencies, and therefore, is not sufficient to "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citation omitted).

## IV.  CONCLUSION

Accordingly, the Court **ORDERS** that Plaintiff's motion for leave to amend (doc. 14) is **DENIED** on futility grounds.

Further, the Court **RECOMMENDS** as follows:

1.  Based on the foregoing, that Defendants' motions to dismiss (docs. 6, 9, 10) each be **GRANTED** and Hess's *pro se* claims be **DISMISSED**; and

2.  As no other matters remain pending for review, that this case be **TERMINATED ON THE DOCKET**.


Date:   July 8, 2014                                      *s/ Michael J. Newman*
                                                          Michael J. Newman
                                                          United States Magistrate Judge

23

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).